# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | NO. 04cr697-01 |
| MALCOLM LADSON | : | |
| | : | |

## Memorandum

YOHN, J.                                                                                           October 19, 2011

Currently before the court is petitioner Malcom Ladson's *pro se* petition for a writ of audita querela, or "actual innocence," under 28 U.S.C. § 1651(a) and a writ of habeas corpus under 28 U.S.C. § 2241. Ladson is currently serving a 20-year sentence at the Federal Correctional Institution in Otisville, New York, for his conviction for conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a). Ladson claims that he is entitled to relief because this court incorrectly designated him as a "career offender" under section 4B1.1 of the United States Sentencing Guidelines ("Guidelines") when determining his sentence. For the reasons that follow below, I will dismiss the petition.

I.      **Factual Background and Procedural History**

On March 9, 2005, a jury found Ladson guilty of one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) for his participation in the "smash and grab" robbery of a jewelry store by four masked men with sledge hammers. On July 29, 2005, at the sentencing hearing, the government argued that Ladson qualified for career-offender status under section

4B1.1 of the Guidelines in part because his prior guilty plea for terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 qualified as a conviction for a crime of violence. (Pet'r's Mot. for Relief of J. ("Pet'r's Mot.") Ex. 3.) Defense counsel conceded this point. (Pet'r's Mot. at 24.) Under the Guidelines, Ladson's extensive criminal history established his criminal history category at level VI. Ladson's designation as a career offender enhanced his total offense level under the Guidelines from Level 29 to Level 32 and increased the Guidelines range from 151-188 months to 210-240 months.[1] U.S. Sentencing Guidelines Manual (2004). I sentenced Ladson to 240 months of incarceration.[2] Ladson appealed and in an order dated August 23, 2007, the Third Circuit affirmed.

Since his direct appeal, Ladson has collaterally attacked his conviction and sentence through several different procedural mechanisms, all to no avail. On August 1, 2008, Ladson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2255, which I denied on March 25, 2009. Ladson applied to the Third Circuit for a certificate of appealability, which was denied in an order dated September 28, 2009.

On December 21, 2009, Ladson filed a *pro se* motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure, again indirectly challenging his conviction and sentence. Finding no basis for Ladson's arguments, I denied the motion on January 13, 2010. The Third Circuit denied Ladson's request for a certificate of appealability on April 28, 2010, and on June

---

[1] The Guidelines range for a Category VI, Level 32 offense is actually 210-262 months, but the statutory maximum for Ladson's conviction is 20 years. U.S. Sentencing Guidelines Manual (2004); 18 U.S.C. § 1951(a).

[2] I also ordered three years of supervised release, a special assessment of $100.00, a fine of $1,000.00, and restitution in the amount of $28,500.00.

7, 2010, denied Ladson's petition for a rehearing en banc. Ladson petitioned the United States Supreme Court for a writ of certiorari, which was denied on November 1, 2010.

On April 14, 2010, Ladson filed an application with the Third Circuit seeking leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b). In an order dated June 8, 2010, the Third Circuit denied the application.[3]

Most recently, Ladson has chosen to collaterally attack his sentence by filing a motion for a writ of audita querela under 28 U.S.C. § 1651(a) on March 13, 2011. The government filed a response in opposition to the motion on May 23, 2011. Ladson filed a reply brief on June 16, 2011, raising for the first time an argument that he is entitled to relief in the form of a writ of habeas corpus under 28 U.S.C. § 2241. Although this was not the proper pleading in which to raise such a claim, I will, nevertheless, address the claim.

## II.  Discussion

Ladson petitions the court for resentencing for his 2005 conviction for conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a). Ladson seeks relief in the form of a writ of audita querela, or alternatively a writ of habeas corpus under section 2241, because he claims that he is "actually innocent" of being a career offender under section 4B1.1 of the United States Sentencing Guidelines. He points to the decision of the United States Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008) and the non-precedential opinion of the Third Circuit in *United States v. Johnson*, 376 F. App'x 205 (3d Cir. 2010) to argue that there has been a

---

[3] Notably, although the United States Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008) on April 16, 2008, Ladson's *Begay* argument is conspicuously missing from his original section 2255 habeas petition, his Rule 60 motion, and his application for leave to file a successive habeas corpus petition under section 2244(b), which were all filed after *Begay* was decided.

substantive change in the controlling law that applies retroactively to his case. Specifically, he asserts that under these cases his earlier conviction for terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 does not qualify as a conviction for a crime of violence and that he should be resentenced without the career-offender enhancement. I do not reach the merits of this argument, however, because I conclude that under Third Circuit law neither section 2241 nor the writ of audita querela is the appropriate procedural vehicle for addressing Ladson's claims. Therefore, I will dismiss his petition.

    A.    **Section 2241**

Ladson's petition for a writ of habeas corpus pursuant to section 2241 raises the issue whether he may assert a section 2241 claim given that he has already brought a section 2255 claim. I conclude that Ladson is not entitled to proceed under section 2241 and so construe his petition as a successive 2255 claim, which I will dismiss for lack of jurisdiction.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A challenge to the validity of a conviction or sentence may be raised pursuant to 28 U.S.C. § 2241 only if section 2255 is "inadequate or ineffective." *Id*. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). It is not the personal inability of a petitioner to use section 2255 that is determinative, but rather, the inefficacy of the remedy. *Id*. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Thus, section 2241 is available to attack federal convictions or sentences only in "rare situation[s]." *Okereke*, 307 F.3d at 120.

The Third Circuit found such a "rare situation" in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). There, the petitioner had no prior opportunity to challenge his conviction for conduct that the Supreme Court deemed to be non-criminal in an intervening decision. *Id*. at 246. The petitioner in *In re Dorsainvil* was allowed to proceed under section 2241 given the unusual circumstances of the case. *Id*. at 252.

The Third Circuit has interpreted *In re Dorsainvil* very narrowly and has declined to extend section 2241 to cases in which a prisoner contends that there has been an intervening change in sentencing law. For example, in *Okereke*, the Third Circuit did not allow the petitioner to proceed under section 2241 because the intervening case he relied on, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal." 307 F.3d at 120; *accord United States v. Kenney*, 391 F. App'x 169 (3d Cir. 2010) (holding that section 2241 relief is not available for a request for resentencing in light of *Begay*) (not precedential).

Like the petitioner in *Okereke*, Ladson bases his claim for relief on an intervening change in sentencing law—*Begay* and *Johnson*. And like the petitioner in *Okereke*, because section 2255 is not ineffective or inadequate with respect to his claims, Ladson cannot proceed under section 2241.[4] Accordingly, I construe this petition as a successive section 2255 motion without leave of

---

[4] In his reply brief, Ladson urges me follow the precedent established by *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*"). In *Gilbert I*, a panel of the Eleventh Circuit originally held that a prisoner claiming to be "actually innocent" of being a career offender in

the Third Circuit, and will dismiss for lack of jurisdiction.[5] *Okereke,* 307 F.3d at 121.

---

light of *Begay* could proceed under section 2241. I decline to follow *Gilbert I* for two reasons. First, after a rehearing en banc, the Eleventh Circuit vacated the original decision in *Gilbert I* and held that the prisoner could not raise a guidelines miscalculation claim under section 2241. *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011). Thus, *Gilbert I* is not controlling law even in the Eleventh Circuit. Second, the Third Circuit has rejected the holding of *Gilbert I* as contrary to Third Circuit law including *Okereke*. *Kenney*, 391 F. App'x at 172.

Ladson also relies on the law of other circuits to advance his theory that he is entitled relief under the "actual innocence" exception delineated by the United States Supreme Court in *Sawyer v. Whitley*, 505 U.S. 333 (1992) because he is "actually innocent" of being a career offender. In *Sawyer*, the Supreme Court held that a district court may consider the merits of a state prisoner's defaulted section 2254 habeas petition despite the procedural default if he or she presents a colorable claim that he or she is actually innocent of the crime itself or of a requirement for a capital sentence in a death penalty case. *Id*. at 339-40. Although the Supreme Court has declined to extend the actual innocence exception to noncapital sentences thus far, *Dretke v. Haley,* 541 U.S. 386, 393 (2004), several Courts of Appeal have. *See Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), *rev'd sub nom. Dretke,* 541 U.S. at 396; *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999); and *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2d Cir. 2000). Ladson urges me to follow this precedent.

The Third Circuit has "assumed arguendo" without deciding that the actual innocence exception extends to procedurally defaulted claims alleging errors in noncapital sentences. *Cristin v. Brennan*, 281 F.3d 404, 421-422 n.17 (3d Cir. 2002). And I need not decide the matter either because the Third Circuit has clearly stated that the actual innocence exception is an "entirely separate issue" from the *Dorsainvil* exception. *Levan v. Sneizek*, 325 F. App'x 55, 57 (3d Cir. 2009) (not precedential). "Nothing in *Cristin v. Brennan* pertains to § 2241 petitions brought by federal prisoners and what might constitute a showing that the remedy in § 2255 is inadequate or ineffective. . . . *[Cristin]* does not help [the petitioner] because it did not bring 'actual innocence of the sentence' within the ambit of the *Dorsainvil* exception." *Id*. In the Third Circuit, Ladson is not entitled to relief under section 2241 for his claim of actual innocence of his noncapital sentence.

     [5] Section 2255 provides:
A second or successive motion must be certified as provided in section 2244 [28 USCS § 2244] by a panel of the appropriate court of appeals to contain--
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).

**B.     Writ of Audita Querela**

Next, I must consider whether Ladson may use the writ of audita querela under 28 U.S.C. § 1651 to collaterally attack his sentence. As above, I conclude that the proper procedural vehicle for Ladson's arguments is a section 2255 claim rather than a writ of audita querela and will therefore dismiss the petition.

The All Writs Act, 28 U.S.C. § 1651, "is a residual source of authority to issue writs that are not otherwise covered by statute," including the common law writ of audita querela. *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009). The writ of audita querela "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id*. However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. And the means by which to collaterally attack a federal conviction or sentence is 28 U.S.C. § 2255. *Id*. A prisoner is not entitled to relief in the form of a writ of audita querela merely because he has not or cannot meet the procedural requirements necessary for filing a second or successive section 2255 motion to vacate sentence—that is not a gap in the system of post-conviction relief. *Id*.

At base, Ladson is seeking to collaterally attack his sentence. Such challenges are cognizable under section 2255 and thus may not be addressed using the writ of audita querela and the All Writs Act. "Should he wish to proceed with his collateral attack on the legality of his federal conviction and sentence, he must do so under 28 U.S.C. § 2255—which . . . would require that he obtain from [the Third Circuit] 'an order authorizing the district court to consider the application.'" *United States v. Leinenbach*, 413 F. App'x 422, 424 (3d Cir. 2011) (not precedential). Therefore, I will dismiss this claim.

## III.   Conclusion

For the reasons explained above, I will dismiss Ladson's petition. An appropriate order follows.